**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4628**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MARNAE DEVON SNEAD,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.  (3:08-cr-00297-REP-1)

Submitted:  July 29, 2015   Decided:  September 3, 2015

Before KEENAN and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Caroline S.
Platt, Appellate Attorney, Mary E. Maguire, Assistant Federal
Public Defender, Alexandria, Virginia, for Appellant.  Olivia L.
Norman, OFFICE OF THE UNITED STATES ATTORNEY, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marnae Devon Snead appeals the eighteen-month term of imprisonment imposed by the district court upon revocation of his term of supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Snead's sentence is plainly unreasonable. Snead was advised of his right to file a pro se supplemental brief, but he has not filed one. Finding no reversible error, we affirm.

The district court has broad discretion to impose a sentence after revoking a defendant's supervised release. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Thus, we assume "a deferential appellate posture concerning issues of fact and the exercise of [that] discretion." United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted).

In reviewing a revocation sentence, we must "first decide whether the sentence is unreasonable." Id. at 438. In doing so, "we follow generally the procedural and substantive considerations" employed in reviewing original sentences. Id. A sentence is procedurally reasonable if the district court has considered the advisory policy statements contained in Chapter 7 of the Sentencing Guidelines and the applicable 18 U.S.C.

§ 3553(a) (2012) factors, id. at 439, and has provided some explanation for the sentence chosen. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we find a sentence to be procedurally or substantively unreasonable will we consider whether the sentence is "plainly" unreasonable. Id. at 439.

Upon review, we conclude that the revocation sentence is procedurally unreasonable because the district court did not indicate that it considered the applicable advisory policy statement range from Chapter 7 of the Sentencing Guidelines. Because Snead did not object to the district court's omission, we review for plain error. United States v. Lemon, 777 F.3d 170, 172 (4th Cir. 2015). To establish plain error, Snead must demonstrate that (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). "To demonstrate that a sentencing error affected his substantial rights, [the defendant] would have to show that, absent the error, a different sentence might have been imposed." United States v. Hernandez, 603 F.3d 267, 273 (4th Cir. 2010). We conclude that Snead has not demonstrated that, had the court

3

more thoroughly considered the applicable policy statement range resulting from his Grade B supervised release violation, he might have received a more favorable sentence. Accordingly, we find no reversible procedural error.

Substantively, the court stated a proper basis for imposing the sentence, which fell within the statutory maximum. See 18 U.S.C. § 3583(e)(3) (2012); Crudup, 461 F.3d at 439 (stating that court has "broad discretion to . . . impose a term of imprisonment up to the statutory maximum." (internal quotation marks omitted)). Given the facts of this case, we conclude that the district court did not abuse its broad discretion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Snead, in writing, of his right to petition the Supreme Court of the United States for further review. If Snead requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Snead. We dispense with oral argument because the facts and legal conclusions are adequately presented in the

4

materials before this Court and argument would not aid the decisional process.

AFFIRMED